**Prepared By:**
PennyMac Loan Services, LLC
6101 Condor Drive, Suite 200
Moorpark, CA  93021
866-549-3583

After Recording Please Return To:
ServiceLink
Attn: Loan Modification Solutions
3220 El Camino Real
Irvine, CA  92602

Property Address:
2204 NORTH VAN PELT STREET
PHILADELPHIA, PA  19132

UPI/PIN/Tax ID: ▮

———————————————————[Space Above This Line For Recording Data]———————————

**LOAN NO.:** ▮

**Investor Case No.** ▮

# LOAN MODIFICATION AGREEMENT
## (Providing for Fixed Interest Rate)

    This Loan Modification Agreement ("Agreement"), made this **20th** day of **October, 2021**, between **FELICIA HARRISON** ("Borrower"), **PennyMac Loan Services, LLC** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated **August 21, 2015** and in the amount of **$130,494.00** and recorded on **September 15, 2015** in Book, Volume, or Liber No.                , at Page                (or as Instrument No. **52966056**), of the **Official** Records of **PHILADELPHIA, PENNSYLVANIA** and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at:
    **2204 NORTH VAN PELT STREET, PHILADELPHIA, PA 19132**
    [Property Address]

---

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument

the real property described being set forth as follows:
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **November 1, 2021,** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$127,158.93**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.250%**, from **October 1, 2021.** Borrower promises to make monthly payments of principal and interest of U.S. **$553.40**, beginning on the **1st** day of **November, 2021**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **3.250%** will remain in effect until principal and interest are paid in full. If on **October 1, 2051** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and the Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument
Page 2 of 9

obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.    Borrower understands and agrees that:

    a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

d)     All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

e)     Borrower agrees that they will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Borrower understands that either a corrected Agreement or a letter agreement containing the correction will be provided for signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If Borrower elects not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement.

f)     Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

    Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

              By checking this box, Borrower also consents to being contacted by text messaging ☐.

g)     That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

6.     I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing the Loan Modification Agreement, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

7.     That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.

_____  Date: 11/05/2021
Borrower - FELICIA HARRISON

## ACKNOWLEDGMENT

State of Pennsylvania §
§
County of Philadelphia §

On this __5__ day of November, 2021, before me, the undersigned officer, personally appeared **FELICIA HARRISON**, known to me (or satisfactorily proven), to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same for the purposes therein.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

__Denise Patton__
Printed Name

__Notary Public__
Title of Officer

(Seal)                                           My Commission Expires: 8/23/2023

```
Commonwealth of Pennsylvania - Notary Seal
DENISE PATTON - Notary Public
Philadelphia County
My Commission Expires Aug 23, 2023
Commission Number 1353827
```

ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
PennyMac Loan Services, LLC

_____(Seal)
                               -Lender

       Karen Denton
       First Vice President
By: _____

**SEE ATTACHED**

**NOV 1 5 2021**
_____
Date of Lender's Signature

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____Ventura_____ )

On __11/15/2021__ before me, __Cynthia Hoff, Notary Public__
(insert name and title of the officer)

personally appeared __Karen Denton__,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

CYNTHIA HOFF
Notary Public - California
Ventura County
Commission # 2300538
My Comm. Expires Sep 2, 2023

Signature _____ (Seal)

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of _____ §
§
County of _____ §

    On _____ before me, _____, Notary Public personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he/she executed the same in his/her authorized capacity on behalf of the corporation, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

    I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

    WITNESS my hand and official seal.

_____
Notary Public

_____
Printed Name

(Seal)      My Commission Expires: _____

# EXHIBIT A

BORROWER(S): FELICIA HARRISON

LOAN NUMBER: ███████

LEGAL DESCRIPTION:

STATE OF PENNSYLVANIA, COUNTY OF PHILADELPHIA, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE MESSUAGE OR TENEMENT THEREON ERECTED, SITUATE ON THE WEST SIDE OF VAN PELT STREET AT THE DISTANCE OF 34 FEET NORTHWARD FROM THE NORTH SIDE OF SUSQUEHANNA AVENUE IN THE 16TH (FORMERLY PART OF THE 28") WARD OF THE CITY OF PHILADELPHIA. CONTAINING IN FROM OR BREADTH ON THE SAID VAN PELT STREET PARALLEL LINES AT RIGHT ANGLES TO THE SAID VAN PELL SHEET 70 FEET TO A CERTAIN 5 FEET WIDE ALLEY LEADING NORTHWARD INTO DAUPHIN STREET AND SOUTHWARD INTO SUSQUEHANNA AVENUE. BEING NO. 2204 NORTH VAN PELT TOGETHER WITH THE FREE AND COMMON USE, RIGHT, LIBERTY, AND PRIVILEGE OF THE SAID 5 FEET WIDE ALLEY AS AND FOR A PASSAGEWAY AND WATERCOURSE AT ALL TIMES, HEREAFTER, FOREVER.

UPI/PIN/Tax ID: ███████

ALSO KNOWN AS: 2204 NORTH VAN PELT STREET, PHILADELPHIA, PA 19132

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument
Page 9 of 9